UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH LEARIE ALLEN, | ) | CASE NO. 5:09CV1336 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Keith Learie Allen filed the above-captioned petition pursuant to 28 U.S.C. § 2241 on June 11, 2009. Mr. Allen, who is incarcerated in the Federal Correctional Institution in Morgantown, West Virginia, seeks to set aside his conviction for possession of a firearm in violation of 21 U.S.C. § 924(c)(1)(A).

BACKGROUND

Petitioner entered a plea of guilty on December 6, 2007 to distribution of two kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), as well as possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 942(c)(1)(A). On February 21, 2008, the undersigned sentenced petitioner to 68 months imprisonment on Count 2 and 34 months on Count 3, to run concurrently, for a total of 102 months. A supervised release term of 8 years was imposed on Count 2 and 5 years on Count 3, to run concurrently. The government dismissed Counts 1 and 4 upon the government's motion to the court.

1

Petitioner filed a motion to vacate his sentence in this Court on February 17, 2009. *See Allen v. United States*, No. 5:09cv0371 (N.D. Ohio 2009). Relying on the Supreme Court's decision in *Bailey*, Mr. Allen argued he never "used" a firearm in violation of § 942(c)(1)(A). This Court denied the motion to vacate on April 30, 2009 as, *inter alia*, procedurally barred. Petitioner failed to demonstrate either "cause" for the default and actual "prejudice" as a result. Moreover, petitioner's claim could not be resuscitated by allegations of "actual innocence."

In his present petition, Mr. Allen argues two bases upon which he claims to be entitled to habeas relief. First, he claims he is actually innocent of committing any crime in violation of § 942(c). Secondly, he maintains that because this Court determined he is procedurally barred from filing another motion to vacate his § 2255 remedy is inadequate.

## MOTION TO VACATE

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, PUB.L. NO. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (1999). Courts have uniformly held that claims asserted by federal prisoners

2

seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). For the reasons set forth below, Mr. Allen has failed to establish his § 2255 remedy is inadequate or ineffective to test the legality of his detention.

Without question, § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See, e.g.*, *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Contrary to petitioner's assumption, a § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v.*

*Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

      Even if Mr. Allen successfully established his § 2255 remedy was inadequate, this Court could still not address his petition. Where a claim arises in habeas corpus pursuant to 28 U.S.C. § 2241, only the United States District Court in the district in which the prisoner is incarcerated can address it. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C.Cir.2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). Inasmuch as this Court lacks personal jurisdiction over his custodian, petitioner is beyond this Court's territorial jurisdiction.

      At best, the petition most closely resembles a motion for relief from judgment. *See* FED. CIV. R. 60(b). The issues Mr. Allen presents are exactly the same issues he raised in the § 2255 motion previously denied by this Court in April. To the extent he seeks to revisit these issues, he has failed to meet any criteria to set aside this Court's judgment denying his motion to vacate pursuant to § 2255.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[1]

The court certifies that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: September 8, 2009

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The statute provides, in relevant part:

\* \* \*

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."